

November 4, 2025

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



      Re: *Davis et al. v. Aviles-Ramos et al.*, 25-cv-07555 (KPF)

Dear Judge Failla:

  Plaintiffs write in opposition to Defendants' letter-motion for an extension of time until November 14, 2025, to submit a letter to this Court regarding DOE's position on whether it may withhold pendency payments until a pendency order has been issued.

  As an initial matter, Defendants did not contact Plaintiffs' counsel or seek our position on Defendants' request for an extension of time, as required by Your Honor's Individual Rules, 2.C. Moreover, on October 29, 2025, Your Honor asked counsel for DOE about its position on whether a pendency order is necessary before DOE can issue pendency payments. Counsel Rubini conferred with co-counsel and stated, "Generally it is DOE's position that there is no obligation to pay pendency if there is no pendency order issued." Transcript of hearing on October 29, 2025, p. 36. Counsel also offered to submit a letter stating what DOE's position has been with respect to its pendency payments, in the context of its objections to our motions for injunctive relief. In essence, DOE now wants an additional 14 days to prepare a letter to the Court explaining DOE's position as of last week, on October 29, 2025. While it is encouraging that DOE is reconsidering its position in light of Judge Vargas' recent decision in *Crespo*, Defendants do not need an extension of time, let alone one lasting 14 days, to put in writing the position that DOE has consistently taken on that issue.

  Furthermore, Defendants have previously suggested in at least one other matter that DOE need not (and does not) begin the process of issuing payments for a student's pendency until a pendency order has issued in the underlying administrative proceeding. For example, at a hearing held on September 19, 2025 in *Crespo v. Aviles-Ramos* (25-cv-7563), the following exchange occurred:

> MR. MAIELLO: Yes, your Honor. In regard to
> the second preliminary injunction and implementation, V.P.
> received his or her final decision this week or only a few days
> ago. And B.T. also does not have a decision that is ripe when

> it comes to implementation.
>
> THE COURT: We're talking about pendency. So for the moment let's focus on pendency and not the final decision. Why have no pendency payments been made?
>
> MR. MAIELLO: The pendency order for V.P. came out only a few days ago. So the payments will be made in the ordinary course of business, which may not be this week, but it will be with decently soon, as compared to this immediate week. And for B.T., no decision has been made when it comes to pendency and –
>
> THE COURT: Is DOE challenging it? Plaintiff is correct that it's not required that a pendency order issue. They're entitled to pendency placement based on the then current placement at the beginning of the school year. So no IHO decision is actually necessary to implement pendency.
>
> MR. MAIELLO: I don't disagree, your Honor. However, the payments on it are not due immediately. They're due in the ordinary course of business.
>
> THE COURT: Right. But isn't the ordinary course taking a long time now? We're now at the end of September. It sounds as if you haven't even put them in for processing because you're waiting for an order that they're not required to get.
>
> . . . .

See Transcript of hearing on Sep. 19, 2025, pp. 13-14, an excerpt of which is attached hereto as Exhibit A.

Additionally, in several matters, DOE has accused the Liberty and Freedom Legal Group of overzealously representing its clients (and iBRAIN, which is NOT a client) and engaging in sanctionable conduct in its filing of motions for injunctive relief seeking pendency payments. However, as the above-quoted transcripts show, DOE has failed to issue pendency payments (in a remotely timely manner), despite a student's clear placement being at iBRAIN and even where the student's pendency placement at iBRAIN is not disputed, unless a pendency order has issued for that student. Now that Judge Vargas issued her decision in *Crespo* confirming that DOE cannot simply withhold pendency payments where the legal basis for pendency is established by prior SRO decisions during the pendency of administrative proceedings on a parent's due process complaint, it is clear that DOE's position contravenes the IDEA and caselaw in this Circuit. *See Crespo*, 25-cv-7563, ECF No. 48, at 12. Judge Vargas wrote:

> The thrust of DOE's argument is that, until it affirmatively agrees to pendency placement at iBRAIN, it has no obligation to implement pendency services based upon the prior SRO decisions.
> . . .
>
> DOE effectively argues that its authority to determine how a student's then-current educational program is to be provided at public expense during the pendency of proceedings means that it can choose to withhold all payments for a student's education. *See* Def. Br. at 5-9. Such a stance is plainly prohibited by the stay-put provision, which obligates DOE to "continue funding" the students' education. *Mendez*, 65 F.4th 56, 61 (2d Cir. 2023).

*Id.*, pp. 12, 13. Therefore, there is no valid basis for DOE's continued withholding of pendency payments, nor its conspicuous failure to proffer any reason for the delay in issuing the remaining outstanding payments in this (or any other) matter.

In short, Plaintiffs object to Defendants' letter-motion for an extension of time. Alternatively, if an extension is granted, it should be no longer than 3 business days, from November 5, 2025 to November 10, 2025, which is more than adequate to prepare and file the letter and will allow Mr. Lindeman to provide his input when he returns to the office on November 5, 2025.

The Plaintiffs thank the Court for its courtesy and consideration in this matter.

Respectfully submitted,

*Nicole Lancia*

Nicole Lancia, Esq.

The Court has reviewed Defendants' extension request (Dkt. #24), as well as Plaintiffs' responses (Dkt. #25, 26). Defendants' application is GRANTED.

The Court first expresses its dismay at the length of the extension and the fact that it was made so close to the initial deadline. At the same time, however, the Court must receive the most up-to-date articulation of Defendants' position regarding whether pendency orders are necessary to issue pendency payments. Given this, the Court GRANTS Defendants' extension request but notes that no further extensions will be granted.

The Clerk of Court is directed to terminate the pending motion at docket entry 24.

Dated:   November 4, 2025      SO ORDERED.
         New York, New York

                                *Katherine Polk Failla*

                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE