UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIANNA DAVIS, *Individually and as Parent and Natural Guardian of O.D.*, CANDIDA DIAZ, *Individually and as Parent and Natural Guardian of N.D.*, KEISHA ARCHIBALD, *Individually and as Parent and Natural Guardian of N.A.*,

Plaintiffs,

-v.-

MELISSA AVILES-RAMOS, *in her capacity as Chancellor of the New York City Department of Education*, and NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

---

25 Civ. 7555 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiffs filed this case on September 11, 2025.  (Dkt. #1).  On September 15, 2025, Plaintiffs filed their first emergency motion for a preliminary injunction, along with supporting papers.  (Dkt. #6-9).  Then, on September 17, 2025, Plaintiffs filed a second motion for a preliminary injunction with supporting papers.  (Dkt. #11-14).  Finally, on October 9, 2025, Plaintiffs filed a third motion for a preliminary injunction in letter form.  (Dkt. #21).  Defendants filed their oppositions to those motions on October 16, 2025 (Dkt. #22-23).  On October 29, 2025, the Court heard oral argument.  (Dkt. #30 ("Oral Arg. Tr.")).

In their first motion, Plaintiffs asked the Court (i) to compel Defendants to comply with expedited deadlines based on each Plaintiffs' requests and (ii) to

find that a failure to adhere to the expedited deadlines constituted a per se denial of a free and appropriate public education. (Dkt. #6). During oral argument, the Court denied Plaintiffs' first motion, relying on various cases from this district. (Oral Arg. Tr. 35:22-36:2 (citing, among others, *Fiallos* v. *Aviles-Ramos*, No. 25 Civ. 7281 (JMF), 2025 WL 2961624 (S.D.N.Y. Oct. 20, 2025))). Plaintiffs' second and third motions are still pending.

Plaintiffs' second motion asks the Court to order Defendants "to fully fund tuition, transportation, and nursing services, as applicable, for Plaintiffs for the 2025-2026 school year" (Dkt. #11), which would involve issuing pendency orders to establish iBRAIN as Plaintiffs' unilateral placement (Oral Arg. Tr. 21:17-21:20). Plaintiffs' third motion asks the Court to "order DOE to immediately issue payments for the outstanding tuition, transportation, and nursing services" (Dkt. #21), which is largely the same relief requested in their second motion.

At the hearing, Defendants stated that a pendency order had already been issued for one of the three student Plaintiffs, making Plaintiffs' request for relief in the second and third motions moot as to that student. (Oral Arg. Tr. 21:17-21:20). While Plaintiffs never brought the fact of the pendency order to the Court's attention, they eventually acknowledged it. (*Id.* at 31:16-32:1).

At the end of the hearing, the Court indicated that two questions remained before it could decide the second and third motions: (i) whether a pendency order is necessary to fund a pendency placement (Oral Arg. Tr. 34:13-34:17, 36:25-37:4, 38:2-38:6) and (ii) whether irreparable harm was

2

necessary to issue a pendency order at this stage in the litigation, and, if so, whether it was present here (*id.* at 36:2-36:6).  On the first issue, the Court heard from the parties via letter after the hearing.  (Dkt. #28-29).

In their post-hearing letter submission, Defendants indicated that pendency orders had been issued for all three Plaintiffs.  (Dkt. #28 at 1-2).  As a result, partial pendency payments have been made for one Plaintiff, and payments are forthcoming in the ordinary course for the other Plaintiffs.  (*Id.*).  Defendants also offered their view that, when pendency is contested, a pendency order is necessary to fund a pendency placement.  (*Id.*).

Plaintiffs, in their letter submission, argue that Defendants' approach to funding a pendency placement is incorrect, but they do not contest the assertion that a pendency order has been issued as to each Plaintiff.  (*See* Dkt. #29 (failing to discuss *any* update on the circumstances of *any* Plaintiff)).  The Court thus considers as unopposed the statement that each Plaintiff has a pendency order, and consequently that pendency payments are being issued in the ordinary course.  As such, the Court DENIES as moot Plaintiffs' requests for the issuance of pendency orders.

To the extent that Plaintiffs seek "immediate[ ]" payment (*see* Dkt. #21), rather than payment in the ordinary course, that request is also DENIED.  Even Plaintiffs' most helpful case, *Crespo* v. *Aviles-Ramos*, No. 25 Civ. 7563 (JAV), 2025 WL 3022389 (S.D.N.Y. Oct. 29, 2025), does not stand for such a proposition.  Instead, that case implicitly held that the issuance of a pendency order only obligates Defendants to make "payments ... in the ordinary course,"

not immediately. *Id.* at \*9. The Second Circuit has said just as much. *See Mendez* v. *Banks*, 65 F.4th 56, 63 (2d. Cir. 2023) ("Although … the DOE is obliged to fund their children's educational placements for the duration of the proceedings, that does not mean that § 1415(j) requires the DOE to automatically *fast-track* funding for the educational placements.").

Additionally, despite not reaching the issue here, the Court reiterates its concern about irreparable harm. (*See* Oral Arg. Tr. 36:2-36:6). There are varying opinions in this District about whether irreparable harm is necessary to order pendency payment. *Compare Mendez* v. *Aviles-Ramos*, No. 25 Civ. 5746 (CM), 2025 WL 2838464 (S.D.N.Y. Oct. 6, 2025) (holding that the stay-put provision only entitles a plaintiff to "placement," not "payment," so plaintiff, to receive an order for payment, must show she "is in danger of losing her placement absent payment"), *and Mendez,* 65 F.4th at 64 ("Given Plaintiffs' own concessions that their children's placements are not in danger, we conclude that the district court did not abuse its discretion in denying a preliminary injunction."), *with Crespo*, 2025 WL 3022389, at \*4 n.2 ("[I]t is well-established that 'irreparable harm need not be shown to obtain injunctive relief granting pendency.'" (quoting *Cruz* v. *N.Y.C. Dep't of Educ.*, No. 18 Civ. 12140 (PGG), 2019 WL 147500, at \*9 (S.D.N.Y. Jan. 9, 2019))).

If irreparable harm is required, it is unclear how Plaintiffs satisfy it here. *See Fiallos*, 2025 WL 2961624, at \*3-4 (finding no irreparable harm, "or, likely, any harm at all," in a similar case). As Defendants point out, a delay in pendency payments has never caused any iBRAIN student to "los[e] their

placement at that school or be[ ] threatened with disenrollment." (Dkt. #28 at 5). In fact, "the contracts Plaintiffs have entered into with iBRAIN and the associated service providers suspend all payment obligations until [a pendency] order has been issued." (*Id.* at 4). This raises plenty of questions about the likelihood of irreparable harm to Plaintiffs. But given that the motions for preliminary injunction are moot, the Court need not decide those issues now.

For the above reasons, the Court DENIES Plaintiffs' second and third motions for a preliminary injunction. The Court recognizes that it indicated during oral argument that it would schedule a telephone conference to discuss these issues. (Oral Arg. Tr. 38:2-38:9). This Order, however, obviates the needs for any conference. As outlined in the Court's September 30, 2025 Order, Defendants will now have thirty days to answer, move, or otherwise respond to the complaint. (Dkt. #20). Given the holidays, Defendants' answer or response to the complaint shall be filed on or before **December 29, 2025**.

The Clerk of Court is directed to terminate the pending motions at docket entries 6 and 11.

SO ORDERED.

Dated:   November 21, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

5