25-cv-7555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIANNA DAVIS, as Parent and Natural Guardian of O.D., and BRIANNA DAVIS, Individually; CANDIDA DIAZ, as Parent and Natural Guardian of N.D., and CANDIDA DIAZ, Individually; KEISHA ARCHIBALD, as Parent and Natural Guardian of N.A., and KEISHA ARCHIBALD, Individually;

*Plaintiffs*,

- against –

MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendants*.

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:*  Jessica Rubini
*Tel:  (212) 356-3156*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL STANDARD................................................................................................................. 2

FACTS ........................................................................................................................................ 4

ARGUMENT .............................................................................................................................. 9

POINT I: PLAINTIFFS FAILED TO IDENTIFY ANY NOVEL LEGAL ARGUMENT OR FACT TO SATISFY THE STRICT STANDARD WARRANTING RECONSIDERATION ................................................................................................................................................... 5

POINT II: PLAINTIFFS CAN NOT COMPEL THIS COURT TO ISSUE A DECISION ON A TOPIC OUTSIDE OF THE ORIGINAL TRO AND PI REQUESTS........................ 11

CONCLUSION......................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**                                                              **Pages**

*Alexander v. The Turner Corp.,*
   2001 U.S. Dist. LEXIS 14559, at *1 (S.D.N.Y. Sept. 10, 2001)……………………………... 3

*Almonte v City of Long Beach,*
   2005 US Dist LEXIS 37528, at *5 (E.D.N.Y. Aug. 16, 2005, No. CV 04-4192 (JS) (JO) …….. 7

*Chaperon, et al. v. Banks, et al.,*
   24-cv-5135 (JAV)………………………………………………………………………. 9

*Cho v. Blackberry Ltd.,*
   991 F.3d 155, 170 (2d Cir. 2021)……………………………………………………………. 1

*Cohen v. Jamison,*                                                                                                                        3
   No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023)………………….

*Cordero v. Astrue,*                                                                                                                   4
   574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008)……………………………………………………

*Crespo v. Aviles-Ramos,*
   2025 U.S. Dist. LEXIS 213720 (S.D.N.Y. Oct. 29, 2025…………………………………….. 1, 5, 7

*Davis v. Banks,*                                                                                                                           9
   No. 22-cv-8184(JMF), 2023 U.S. Dist. LEXIS 160092 at *13 (S.D.N.Y. Sep. 11, 2023) …….

*De Paulino v. N.Y.C. Dep't of Educ.,*                                               9
   959 F.3d 519, 532 (2d. Cir. 2020)………………….................................................
*Gonzalez-Blanco v Bank of Am.,*
   N.A., 2012 US Dist LEXIS 432, at *5 (S.D.N.Y. Jan. 3, 2012)………………………………… 8

*In re Worldcom, Inc. Sec. Litig.,*                                                                3
   308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004)……………………… …………………………...

*Mendez v. Banks,*
   65 F.4th 56 (2d Cir. 2023)…. ……………………………………………………………… 1, 2, 7, 9, 10

*Merced Irrigation Dist. v. Barclays Bank PLC,*
   178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)……… ……………………………………………. 3

*Saenz v. Lucas,* 2008
 U.S. Dist. LEXIS 69571, at *4 (S.D.N.Y. Sept. 12, 2008)…………………... …………………. 11

*Shrader v. CSX Transp., Inc.,*
 70 F.3d 255, 257 (2d Cir. 1995)……………………………………. …………………………... 3

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,*
 956 F.2d 1245, 1255 (2d Cir. 1992)……………. …………………………………………… 3

**PRELIMINARY STATEMENT**

Defendants submit this memorandum of law in opposition to Plaintiffs' motion for reconsideration of this Court's Order denying Plaintiffs' request for Temporary Restraining Orders ("TRO") and/or Preliminary Injunctions ("PIs"). Plaintiffs seek reconsideration on three grounds, claiming: (1) that the Court overlooked Plaintiffs' entitlement to automatic injunction and failed to address their request for late fees; (2) that the Court erred in failing to issue an order declaring the scope of pendency and requiring DOE to pay pendency; (3) and arguing that Plaintiffs' request for a TRO and PI declaring pendency and requiring pendency funding are not moot, even though pendency orders have been issued for all three Plaintiffs and, as set forth below, the DOE has begun fulfilling its obligations under the pendency orders by remitting pendency payments for all Plaintiffs.

Plaintiffs fail to meet the strict standard for a motion for reconsideration which requires the moving party to identify "controlling decisions or data that the court overlooked." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). Plaintiffs merely reiterate the same unfounded interpretation of the Second Circuit's decision in *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023), as well as the Court's decision in *Crespo v. Aviles-Ramos*, 2025 U.S. Dist. LEXIS 213720 (S.D.N.Y. Oct. 29, 2025), to renew their improper request for a preliminary injunction. Plaintiffs' motion to seek reconsideration of the scope of Defendants' pendency obligations is meritless and moot, as the Court has already ruled there is no emergency warranting this drastic relief.

Additionally, Plaintiffs may not seek reconsideration or clarification of the scope of Defendants' pendency obligations. (*See* ECF No. 34, at 8). As Defendants have repeatedly argued in other cases with the same Plaintiffs' Counsel, that issue is not ripe for judicial review, as the parties are continuing to litigate the scope of such obligations for each Student at the administrative level. *See Mendez, et al. v. Avilez-Ramos, et al.*, No. 25-cv-5746 (CM), ECF No.

1

27 at 8 (S.D.N.Y., Oct. 7, 2025) (Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction) (observing plaintiffs' request for clarification of the scope of pendency "is not ripe for judicial review, because the parties are currently litigating the scope of an appropriate IEP for [the student-plaintiff] and the City's concomitant obligation to pay for private schooling before the IHO.")

Furthermore, Defendants have consistently maintained that the City's ordinary practice is to pay any required fees when administrative and/or judicial challenges to the IEP are resolved—not to pay in advance and, should it prevail, then chase private parties for reimbursement. Defendants have assured the Court that they "will honor their obligations and remit any amounts owed pursuant to pendency once the parties have fully determined the scope of those pendency obligations before an IHO.'" *Mendez.*, No. 25-cv-5746 (CM). (ECF No. 27, at 8). Consistent with this holding, Defendants memorandum of law in opposition to Plaintiffs' first application for a PI explained that "DOE plans to pay the Plaintiffs once pendency orders are implemented." (ECF No. 23, at 7). As set forth below, the DOE has already begun fulfilling its obligations under the pendency orders by remitting pendency payments for all Plaintiffs.

For the reasons above and set forth more fully below, Plaintiffs fall short of the strict standard for reconsideration. The Court should reject Plaintiffs' motion for reconsideration, and grant Defendants such other and further relief that the Court deems appropriate.

## LEGAL STANDARD

Plaintiffs' motion for reconsideration is governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e).[1] The standards that are set forth in both Fed.R.Civ.P. 59(e)

---

[1] A motion for reconsideration "is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). The Plaintiffs' motion is a Rule 59(e) motions given that both were filed within 10 days of the Court's November 21, 2025 decision, excluding weekends, holidays, and the date the Order was entered.

and Local Rule 6.3 are identical. *See Alexander v. The Turner Corp.*, No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 14559, at *1 (S.D.N.Y. Sept. 10, 2001). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re Worldcom, Inc. Sec. Litig.*, 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004).

Local Civil Rule 6.3 instructs that, in seeking reconsideration of a court order denying a motion, the movant must "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); *see Cohen v. Jamison*, No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (explaining that reconsideration is warranted if a movant demonstrates "that the Court overlooked controlling law or factual matters that had been previously put before it.") "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Merced Irrigation Dist. v. Barclays Bank PLC,* 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (citation omitted). Importantly, a motion for reconsideration under either Rule 59(e) or Local Civil Rule 6.3 is not an opportunity to

3

advance new arguments or legal theories that could have been raised earlier. See *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008).

## FACTS

Defendants respectfully refer the Court to the factual background provided in the Court's Order, dated November 21, 2025. As an update on the underlying administrative process and payments made by the DOE, Defendants respectfully add:

For Plaintiff Davis, partial pendency payments for tuition and transportation in the amount of $167,751.35 and $78,771.50 have been remitted. A FOFD was separately issued on October 30, 2025, denying all relief sought by parents including tuition funding and private transportation services. Plaintiffs appealed this FOFD.

For Plaintiff Archibald, an FOFD was issued on October 14, 2025. Although the IHO denied final relief, the IHO separately addressed pendency in the FOFD directing the DOE to fund the Student's placement at iBrain and to provide or otherwise fund her transportation. Plaintiffs appealed. The pleading was dismissed due to defects in their Request for Review. Pendency payments for tuition have been remitted in the amount of $87,638.95 and DOE's Office of Pupil Transportation ("OPT") was instructed to immediately implement transportation services.

For Plaintiff Diaz, an FOFD with a pendency order was issued on October 30, 2025. The IHO denied all relief but upheld the prior pendency program for placement at iBrain and transportation by Sister's Transportation from the unappealed FOFD dated October 23, 2024. Plaintiff-Parent is appealing the FOFD. Defendants are cross-appealing the transportation portion of the pendency order and as such, Defendants are not implementing the transportation portion of the pendency order. Defendants have paid $158,898.83 in pendency tuition.

# ARGUMENT

## POINT I:

### PLAINTIFFS FAILED TO IDENTIFY ANY NOVEL LEGAL ARGUMENT OR FACT TO SATISFY THE STRICT STANDARD WARRANTING RECONSIDERATION

Plaintiffs argue the Court overlooked *Crespo v. Aviles-Ramos*, 2025 U.S. Dist. LEXIS 213720 (S.D.N.Y. Oct. 29, 2025) even though the decision was fully discussed and expressly cited by the Court. They also argue the Court overlooked key facts. However, Plaintiffs' disagreement with the Court's interpretation of case law and facts presented is not grounds for reconsideration.

**A. Plaintiffs Still Fail to Show Irreparable Harm**

Plaintiffs argue the Court erred by not ordering pendency payments, merely rehashing a funding request this Court has repeatedly held insufficient to warrant a preliminary injunction. As *Mendez* expressly held, §1415(j) does not entitle parents to judicially-ordered acceleration of payments absent a showing that the child's placement is at risk. Plaintiffs fail to present legal arguments or facts indicating the Court overlooked risks to Student-Plaintiffs' placements or services at iBrain, underscoring the absence of irreparable harm.

Plaintiffs improperly contend that *Mendez* eliminates the need to show irreparable harm for a preliminary injunction:

> First, the Court's Order overlooks *Mendez v. Banks* and fails to adequately address Plaintiffs' requests for automatic implementation of their children's pendency and funding for their entire pendency placement/program in the ordinary course. While the IDEA's stay-put provision does not entitle families to expedited payment of pendency funding absent a showing that the student's placement is at risk, Section 1415(j) entitles families, like Plaintiffs, to automatic implementation of pendency, which includes funding for the student's entire program in the ordinary course. *Mendez*, 65 F.4th 56, 59 (2d Cir. 2023).

5

(ECF No. 34, at 5) But the Second Circuit in *Mendez* expressly rejected Plaintiffs' views regarding the applicable standards for a preliminary injunction:

> Plaintiffs challenge the district court's denial of a preliminary injunction on two bases. First, they argue that the district court erred in applying the traditional preliminary injunction standard because the IDEA's stay-put provision, 20 U.S.C. § 1415(j), entitles them to an automatic injunction. In the alternative, they argue that the district court abused its discretion in denying a preliminary injunction under the traditional standard. Both of these arguments lack merit.

Plaintiffs request for a preliminary injunction for funding must fail, as they show no risk to the Student-Plaintiffs' placements or services. The Court properly concluded in its November 2025 Order that "[i]f irreparable harm is required, it is unclear how Plaintiffs satisfy it here. *See* Fiallos, 2025 WL 2961624, at *3-4 (finding no irreparable harm, "or, likely, any harm at all," in a similar case)." (ECF No. 34, at 4).

In denying a similar request for a PI brought by plaintiffs represented by the same counsel, Judge McMahon held as follows: "Having already litigated—and lost—this precise issue before the Second Circuit, counsel's decision to press the same argument again, without making any showing of irreparable injury, borders on the frivolous. If it happens again, I will consider it sanctionable." *Mendez, et al. v. Avilez-Ramos, et al.*, No. 25-cv-5746 (CM), (S.D.N.Y., Oct. 7, 2025) (Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction).

Plaintiffs repeatedly fail to identify any salient legal arguments or facts that demonstrate irreparable harm. There remains no risk to the Students' placements, nor any financial emergency to the families represented in this case; as the Court noted, "the contracts Plaintiffs have entered into with iBRAIN and the associated service providers suspend all payment obligations until [a pendency] order has been issued." (ECF No. 34, at 5) Further, Plaintiffs' contention that iBrain will shutter its doors has yet to come to fruition. As Plaintiffs fail to identify any irreparable harm, their motions for TRO and PIs were properly denied.

B. **This Court Did Not Overlook Controlling or Persuasive Law.**

Plaintiffs argue that the Court did not meaningfully address *Crespo* in its Order. (ECF No. 34, at 15) However, the Court did contend with *Crespo*, correctly noting that *Crespo* does not support Plaintiffs' request for immediate payment. "Even Plaintiffs' most helpful case, *Crespo v. Aviles-Ramos* [citation omitted], does not stand for such a proposition. Instead, that case implicitly held that the issuance of a pendency order only obligates Defendants to make "payments … in the ordinary course," not immediately. *Id.* at *9." (ECF No. 36, at 3)

Plaintiffs' attempt to use *Crespo* to re-argue resolved issues is precisely the type of re-litigation barred under Rule 59(e) and Local Rule 6.3. "[A] party may not seek reconsideration simply by arguing that a judge misinterpreted case law in his earlier decision." *Almonte v City of Long Beach*, 2005 US Dist LEXIS 37528, at *5 (E.D.N.Y. Aug. 16, 2005, No. CV 04-4192 (JS) (JO). Here, the Court explicitly cited to *Crespo* and concluded that it did not support Plaintiff's request for immediate pendency payments. Thus, Plaintiffs' motion for reconsideration should be denied.

C. **The Court Did Not Overlook Any Facts.**

The Court did not overlook any facts which would warrant the issuance of a TRO or PI, as explained in the sections below.

    i.    <u>This Court did Not Overlook Any Facts Impacting Students' Placements or Services.</u>

The Court properly addressed the Students' placements and needs, correctly determining that "a delay in pendency payments has never caused any iBRAIN student to 'los[e] their placement at that school or be[ ] threatened with disenrollment.'" (ECF No. 36, at 4).

Plaintiffs argue the Court overlooked that DOE's offer of OPT transportation for N.A. is 'impossible' because iBRAIN is categorically ineligible under DOE and NYSED rules.

7

(ECF No. 34, at 3, 12, 13) Not only is this factually incorrect, but Plaintiffs did not raise this argument in their previous motions. A motion for reconsideration cannot advance new arguments. *Gonzalez-Blanco v Bank of Am., N.A.*, 2012 US Dist LEXIS 432, at *5 (S.D.N.Y. Jan. 3, 2012). Plaintiffs raise this as a new argument in their motion, and thus, the Court should not consider this as a ground for reconsideration.

Plaintiffs also argue the Court overlooked that N.A.'s pendency services are incomplete because DOE has not funded private transportation or nursing services required under a prior unappealed pendency order. However, the embedded pendency order in the FOFD for the underlying administrative case No. 297770 addresses the issue of why nursing is rightfully excluded from pendency. The IHO found that pendency lies in SRO Decision 24-028 for tuition and transportation and not for nursing. Plaintiffs argued that pendency instead vests in a prior pendency order in case No. 277153, which includes nursing. But as the IHO rightfully held, pendency cannot lie in a prior pendency order because it is not a decision on the merits. (See FOFD 297770 pgs. 4-5.) The Pendency Order Plaintiffs rely on was modified on appeal in SRO 24-545 to exclude nursing services, as the IHO correctly noted. In any case, pendency cannot vest in prior pendency order in another case, as it is not a decision on the merits.[2]

    ii.    <u>This Court Correctly Found the Plaintiffs' Request for a TRO and/or PI is Moot.</u>

Plaintiffs do not offer any overlooked facts to show that this case is not moot. Plaintiffs improperly rely on past administrative orders, particularly for N.A., to argue that the case is live; however, as noted above, the pendency order that Plaintiffs rely on was modified on appeal in SRO 24-545 to exclude funding for nursing services. In any case, pendency cannot vest in prior

---

[2] *SRO* 20-069, Footnote 10: "a pendency decision in one proceeding may not serve as the basis for pendency in a future proceeding because, in order to represent an agreement between the parties, the unappealed decision upon which pendency may be based must be a decision on the merits, including a determination on the appropriateness of the unilateral placement"

8

pendency order in another case because it is not a decision on the merits. The Court correctly concluded that its intervention was unnecessary where the relief sought had already been granted administratively. As stated above, all Students now have a pendency order that is being implemented; as such, the Court correctly held that the matter is moot.

      iii.    <u>This Court Did Not Overlook Plaintiffs' Request for Late Fees.</u>

Plaintiffs' insistence on revisiting their request for a TRO or PI is an attempt to seek immediate payments, which they are not owed, and their request for the Court to order late-fee payment lacks merit.

The IDEA does not require school districts to satisfy private contractual late-fee penalties. Courts have uniformly declined to expand pendency obligations to include terms not mandated by §1415(j). Plaintiffs' effort to transform private vendor contracts into enforceable pendency obligations is not supported by any authority.

Defendants maintain their funding obligations are limited to the plain text of the controlling order, not Plaintiffs' provider contracts to which Defendants are not a party. *See* Defs' Mem., ECF No. 21, at 14–15 (citing *Davis v. Banks*, No. 22-cv-8184(JMF), 2023 U.S. Dist. LEXIS 160092 at *13 (S.D.N.Y. Sep. 11, 2023) ("[T]he DOE is not a party to each Plaintiff's contract with [the service provider]. Instead, the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order."); *De Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 532 (2d. Cir. 2020) (observing that DOE's "legal responsibility to pay" arose from final, unappealed administrative order). Nothing in the controlling administrative orders directs DOE to pay late fees. *See generally Mendez, et al. v. Avilez-Ramos, et al.*, 25-cv-1096 (CM), ECF Nos. 1-2, 1-3.. Plaintiffs also omit citation to a recent decision of this Court in *Chaperone* that is directly adverse to their position. *See also Chaperon, et al. v. Banks, et al.*, 24-cv-5135 (JAV),

9

Aug. 4, 2025 Opinion and Order (ECF No. 132, at 18) (holding that "[e]ven if the late fee argument had not been waived….the Court holds in the alternative that late fees are not properly included within the scope [] of the pendency orders. The orders in question require payment of 'tuition' only. None of the administrative orders make reference to late fees.") Consequently, there is no basis for DOE to pay late fees associated with Plaintiffs' contracts with iBrain or Sisters as the administrative pendency orders for each Student do not make reference to late fees.

Alternatively, if the Court finds Plaintiffs may enforce the contracts against Defendants, this Court should find that those contracts are illusory. Plaintiffs are not obligated to pay late fees to iBrain or the related service providers; Plaintiffs themselves are not even obligated to pay the principal amounts to those providers. Thus, this Court should not enforce those contracts against DOE where they would not be enforced against Plaintiffs.

Finally, Plaintiffs' request for late fees should be denied on the grounds that it is at odds with the Second Circuit's holding in *Mendez v. Banks* regarding "the practical realities of bureaucratic administration" in processing "thousands of funding requests under the IDEA at the start of each school year and spend[ing] hundreds of millions of dollars annually to fund placements." *Mendez*, 65 F.4th 56, 63 (2d Cir. 2023). Late fee provisions in Plaintiffs' agreements with service providers effectively compel DOE to prioritize those requests to avoid late fees. DOE's obligation is limited to administratively ordered payments, not advance payment under third-party contracts. Defendants additionally submit that, if the Court were to grant such a request for late fees, iBrain and its service providers could require Plaintiffs, or other iBrain parents, to enter into agreements for later school years that include increasingly excessive interest rates for late fees that would severely impact the DOE's IDEA allocated funding.

For the reasons stated above, this Court should deny Plaintiffs' request for the Court to reconsider the enforcement of late fees.

## POINT II:

## **PLAINTIFFS CAN NOT COMPEL THIS COURT TO ISSUE A DECISION ON A TOPIC OUTSIDE OF THE ORIGINAL TRO AND PI REQUESTS.**

Finally, Plaintiffs implore the Court to issue a decision about Defendants' position on pendency. (ECF No. 34, at 8-9) However, currently, the Court is under no obligation to issue an opinion on DOE's position on pendency orders. There is no claim regarding Defendants' position on pendency before the Court; the Plaintiffs did not raise this claim in their TRO or PI motions. An order on DOE's position on pendency would be an advisory opinion and irrelevant to either TRO/PIs motions before the Court.

Plaintiffs may not assert new claims or arguments in their motion for reconsideration. *See Saenz v. Lucas*, 2008 U.S. Dist. LEXIS 69571, at *4 (S.D.N.Y. Sept. 12, 2008). The Plaintiffs' motion for TROs and PIs did not ask the DOE to define its stance on pendency or request a ruling on Defendants' position. The Court requested Defendants explain their position on pendency for clarity. While there is no argument before the Court on DOE's pendency position, it is intrinsic to the issues at hand, and the Court requested clarification to make an informed decision on the matter concerning the three Students. If the Court wishes to delve into the Defendants' stance on pendency, it can, but it is under no obligation to do so now, and certainly not through a request to reconsider its own motion.

## CONCLUSION

      Plaintiffs have not shown any clear error of law or fact warranting reconsideration, nor shown how a denial of reconsideration would result in manifest injustice or irreparable harm. This case remains moot, as each Student has a pendency order that is being implemented. Thus, Plaintiffs' motion for reconsideration should be denied.

Dated: New York, New York
December 19, 2025

                              **MURIEL GOODE-TRUFANT**
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2394

                            By: /s/ *Jessica Rubini*
                                  Jessica Rubini
                                  Assistant Corporation Counsel
                                  Attorney for Defendants

## CERTIFICATION

I, Jessica Rubini, hereby certify that this Memorandum of Law complies with the Local Rules of the United States District Court for the Southern District of New York, Rule 7.1(c), regarding the length of a Memorandum of Law in that, excluding the caption, table of contents, table of authorities, the signature block and any required certificates, this Memorandum of Law contains approximately 3,494 words as calculated by Microsoft Word.

Dated: New York, New York
December 19, 2025

                        **MURIEL GOODE-TRUFANT**
                        Corporation Counsel of the City of New York
                        *Attorney for Defendants*
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2394

                        By: /s/ *Jessica Rubini*
                            Jessica Rubini
                            Assistant Corporation Counsel
                            Attorney for Defendants