UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIANNA DAVIS, *Individually and as Parent and Natural Guardian of O.D.,* CANDIDA DIAZ, *Individually and as Parent and Natural Guardian of N.D.,* KEISHA ARCHIBALD, *Individually and as Parent and Natural Guardian of N.A.,*<br><br>                              Plaintiffs,<br><br>                    -v.-<br><br>MELISSA AVILES-RAMOS, *in her capacity as Chancellor of the New York City Department of Education,* and NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                              Defendants. | 25 Civ. 7555 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

## BACKGROUND

### A.    Procedural Background

Plaintiffs brought this case on September 11, 2025, alleging a violation of IDEA's "stay-put" provision, 20 U.S.C. § 1415(j).  (Dkt. #1).  On September 15, 2025, Plaintiffs filed their first emergency motion for a preliminary injunction, along with supporting papers.  (Dkt. #6-9).  Then, on September 17, 2025, Plaintiffs filed a second motion for a preliminary injunction with supporting papers.  (Dkt. #11-14).  Finally, on October 9, 2025, Plaintiffs filed a third motion for a preliminary injunction in letter form.  (Dkt. #21).  Defendants filed their oppositions to those motions on October 16, 2025.  (Dkt. #22-23).  On October 29, 2025, during oral argument, the Court denied Plaintiffs' first

motion.  (Dkt. #30 ("Oral Arg. Tr.") 35:22-36:2).  Then, in a written Order dated November 21, 2025, the Court denied Plaintiffs' other two motions.  (Dkt. #32).

On December 5, 2025, Plaintiffs moved for reconsideration of the Court's November 21, 2025 Order under Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 6.3 (Dkt. #33) and filed a memorandum of law in support thereof (Dkt. #34 ("iBrain Br.")).  Plaintiffs specifically asked for an "Order granting Plaintiffs' second motion for injunctive relief including issuing pendency orders as to each Student and requiring DOE to fund their pendency placements in the ordinary course."  (Dkt. #33).  On December 19, 2025, Defendants filed their opposition to Plaintiffs' motion.  (Dkt. #35 ("DOE Opp.")).  Finally, on December 23, 2025, Plaintiffs filed their reply.  (Dkt. #36).  For the reasons explained below, the Court denies Plaintiffs' motion for reconsideration.

**B.    Plaintiffs' Second and Third Motions for a Preliminary Injunction and the Court's November 21, 2025 Order**

Plaintiffs' second motion asks the Court to order Defendants "to fully fund tuition, transportation, and nursing services, as applicable, for Plaintiffs for the 2025-2026 school year" (Dkt. #11), which would involve issuing pendency orders to establish iBRAIN as Plaintiffs' unilateral placement (Dkt. #30 ("Oral Arg. Tr.") at 21:17-21:20).  Plaintiffs' third motion asks the Court to "order DOE to immediately issue payments for the outstanding tuition, transportation, and nursing services."  (Dkt. #21).  In its November 21, 2025 Order, the Court denied these motions as moot because pendency orders had been issued for all three Plaintiffs.  (Dkt. #32 at 3 (citing Dkt. #28 at 1-2)).  As a

2

result, partial pendency payments have been made for one Plaintiff, and payments were forthcoming in the ordinary course for the other Plaintiffs. (Dkt. #28 at 1-2).

## APPLICABLE LAW

"The standards governing [Rule] 59(e) and Local Civil Rule 6.3 are the same." *Vives* v. *Bennett*, No. 21 Civ. 6984 (LTS), 2022 WL 605236, at *1 (S.D.N.Y. Mar. 1, 2022). "A court may grant a Rule 59(e) motion 'only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Metzler Inv. Gmbh* v. *Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142-43 (2d Cir. 2020) (alteration adopted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Rule 60(b)(6) provides for relief from a judgment or order for "any ... reason that justifies relief." Relief is "generally granted only upon the showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc.* v. *Gollust*, 909 F2d 724, 731 (2d Cir. 1990), *aff'd sub nom.*, *Gollust* v. *Mendell*, 501 U.S. 115 (1991).

A motion to reconsider "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). This is an intentionally strict standard: "Reconsideration of a prior order ... is an 'extraordinary remedy to be employed sparingly in the interests

of finality and conservation of scarce judicial resources.'" *U.S. Sec. & Exch. Comm'n* v. *Collector's Coffee Inc.*, No. 19 Civ. 4355 (VM), 2025 WL 1068751, at *1 (S.D.N.Y. Apr. 9, 2025) (quoting *Sikhs for Just.* v. *Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)).

## DISCUSSION

### A.    Plaintiffs' Requests for Pendency Orders Remain Moot

Plaintiffs do not meet the high standard required for the Court to reconsider its November 21, 2025 Order.  In their request for reconsideration, Plaintiffs seek an "Order granting Plaintiffs' second motion for injunctive relief including issuing pendency orders as to each Student and requiring DOE to fund their pendency placements in the ordinary course." (Dkt. #33).  But nowhere do they claim that the pendency orders that they seek have not been issued.  (*See* iBrain Br. 6 (acknowledging "that pendency orders were issued")).  And nowhere do they claim that funding is not being issued in the ordinary course.  (*See, e.g., id.* at 3 (arguing against mootness but failing to allege that payments are not being issued in the ordinary course)).  Far from pointing to "matters … that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, Plaintiffs make conclusory assertions untethered to either the facts at hand or the governing law.

Plaintiffs appear to misunderstand the doctrine of mootness, the central legal principle on which the Court rested its previous Order.  (Dkt. #32 at 3-4).  They argue that the Court "fail[ed] to address the lawfulness of Defendants' position on pendency." (iBrain Br. 1).  Plaintiffs are correct, but that choice —

far from an oversight — was a constitutional requirement.  *See United States* v.

*N.Y.C. Dist. Council of N.Y.C. & Vicinity of the United Bhd. of Carpenters*, 709 F.

App'x 60, 62 (2d Cir. 2017) (summary order) ("Federal courts lack subject

matter jurisdiction over moot disputes." (citing *County of Suffolk* v. *Sebelius*,

605 F.3d 135, 140 (2d Cir. 2010))).

Ignoring the doctrine of mootness, Plaintiffs argue that they are

"entitle[d] to an automatic preliminary injunction" under *Mendez* v. *Banks*, 65

F.4th 56 (2d Cir. 2023).  (iBrain Br. 6; *see also id.* at 11 (urging the Court to

apply the substantive logic of *Crespo* v. *Aviles-Ramos*, No. 25 Civ. 7563 (JAV),

2025 WL 3022389 (S.D.N.Y. Oct. 29, 2025), without addressing the Court's

finding of mootness on the relevant issues)).  But of course, a federal court may

only issue preliminary relief under *Mendez* if that relief remains outstanding.

*See Moore* v. *Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 ("The

occurrence of the action sought to be enjoined normally moots the request for

preliminary injunctive relief because this Court has 'no effective relief to offer'

once the action has occurred." (quoting *Knaust* v. *City of Kingston*, 157 F.3d 86,

88 (2d Cir. 1998))); *Delux Pub. Charter, LLC* v. *County of Westchester*, No. 22

Civ. 1930 (PMH), 2022 WL 1620300, at *3 (S.D.N.Y. May 23, 2022) ("The Court

agrees that the relief sought by the motion for a preliminary injunction has

been mooted by the Order and Stipulation because, in effect, Plaintiffs have

obtained the very relief a preliminary injunction would secure."); *Ramos* v.

*N.Y.C. Dep't of Educ.*, 447 F. Supp. 3d 153, 157 (S.D.N.Y. 2020) ("Courts have

dismissed as moot claims brought under the IDEA where an IHO or SRO has

granted the plaintiff's requested relief prior to the court's adjudication." (collecting cases)).

Plaintiffs urge the Court to issue new pendency orders despite already existing ones because "an aggrieved family need not seek a pendency order through the administrative process and may instead enforce their pendency rights via injunctive order from a federal court." (iBrain Br. 10). Even so, the issuance of a pendency order in an administrative process moots a request for pendency in a judicial process. *Cf. Chaperon* v. *Banks*, No. 24 Civ. 5135 (JAV), 2025 WL 2207908, at *6 (S.D.N.Y. Aug. 4, 2025) (dismissing claims related to students' pendency placements at iBrain because it was undisputed that "DOE made all pendency tuition payments").

The thrust of Plaintiffs' argument is that they want court-ordered pendency even though they already have obtained administrative pendency. (*See id.* at 11 (arguing — confusingly — that "pendency orders issued for each Plaintiff-student [are] irrelevant" to Plaintiffs' request that the Court "declare[ ] iBrain as [the] students' pendency placement"); *id.* at 12 ("Plaintiffs in the instant matter are still entitled to the pendency orders they seek, regardless of whether administrative pendency orders already issued and DOE has already begun funding the Students' pendency placement/programs[.]")). Frankly, the Court is bewildered as to why Plaintiffs appear to think they are entitled to relief in the courts that they have already received administratively.

Plaintiffs argue that they remain entitled to relief because the Court "improperly and illogically equate[d] the mere existence of pendency orders with

the issuance of pendency payments." (iBrain Br. 12).  But the Court did no such thing.  The Court's mootness holding was based not only on the issuance of pendency orders but also on Defendants' representation that payments are forthcoming in the ordinary course.  (Dkt. #32 at 3 (citing Dkt. #28 at 1-2)).  This is the exact relief *Crespo* provided, *see* 2025 WL 3022389, at *9, and the exact relief Plaintiffs request (iBrain Br. 11).  Remarkably, Plaintiffs do not dispute Defendants' representation.  (*See generally id.* (never arguing that Defendants are not issuing tuition payments in the ordinary course)).  Contrary to Plaintiffs' pleas, whether the DOE has fulfilled its pendency obligations *yet* is of no moment.  (*See id.* at 12 (arguing that judicial intervention is necessary because DOE "admits that" it "has not fulfilled its pendency obligations")).  The ordinary course has not run, so no dispute on the issue remains.

**B.    To the Extent That Plaintiffs Seek to Alter the Scope of Their Pendency Orders, Those Requests Are Not Yet Ripe**

Additionally, Plaintiffs appear to suggest that the Court should alter the scope of the pendency orders that were issued administratively.  (iBrain Br. 12-14).  But as Defendants point out, that issue is not ripe for judicial review because the parties continue to litigate the issue at the administrative level.  (DOE Opp 1-2).  *See Mendez* v. *Aviles-Ramos*, No. 25 Civ. 5746 (CM), 2025 WL 2838464, at *4 (S.D.N.Y. Oct. 7, 2025) (determining that the scope of pendency "is not ripe for judicial review, because the parties are currently litigating the scope … before the IHO"); *Mendez*, 65 F.4th at 61 (concluding the same because plaintiff's request for a preliminary injunction "relie[d] on state administrative decisions that [were] not yet … made").

**C.     The Court Denies Plaintiffs' Requests for Late Fees**

Finally, Plaintiffs argue that the Court "overlooked and failed to address Plaintiffs' requests for late fees and interest." (iBrain Br. 6).  To the extent that the Court did not separately rule on these requests in its previous Order (*see generally* Dkt. #32), they are denied.  As Defendants point out, courts in this District have repeatedly held that "the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order," not the agreements between Plaintiffs and service providers.  *Davis* v. *Banks*, No. 22 Civ. 8184 (JMF), 2023 WL 5917659, at *4 (S.D.N.Y. Sept. 11, 2023); *see also Mendez* v. *Aviles-Ramos*, No. 25 Civ. 1096 (CM), 2025 WL 2793755, at *5-7 (S.D.N.Y. Oct. 1, 2025) (looking to the final, unappealed administrative order to determine whether the DOE was obligated to pay for transportation services). (*See* DOE Opp. 9-10).

Plaintiffs ask the Court to ignore this case law and order Defendants to pay late fees and interest solely based on the language in "the respective tuition, transportation, and nursing agreements," notwithstanding any administrative orders.  (iBrain Br. 7).  The Court declines to order such payments in the absence of an administrative order that requires it.  *See Davis*, 2023 WL 5917659, at *4; *Mendez*, 2025 WL 2793755, at *5.  This Court finds *Banks* and *Mendez* persuasive, and Plaintiffs have provided no compelling reason to depart from them.

Applying *Davis* and *Mendez,* and looking to the relevant administrative orders, Plaintiffs concede that N.A. is not entitled late fees.  (iBrain Br. 7

(arguing that if the Court follows *Mendez*, it "should grant the request for late fees and interest as to Plaintiffs Davis and Diaz")).  Instead, Plaintiffs argue that the applicable administrative orders only require Defendants to pay late fees for two Plaintiffs — O.D. and N.D.  (*Id.*).  For a number of reasons, the Court declines to order the payment of late fees for either Plaintiff.

   *First*, there is a preliminary problem of proof.  Plaintiffs have not provided the relevant service provider agreements, so the Court has no basis on which to order the payment of late fees.  The Court only has dueling statements from the parties:  Plaintiffs assert that "the respective tuition, transportation, and nursing agreements state" that "Plaintiffs are responsible for any late fees and interest on delayed or withheld payments" (iBrain Br. 7), while Defendants say nothing about the agreements and instead assert that "[n]othing in the controlling administrative orders directs DOE to pay late fees."  (DOE Opp. 9).  Neither side cites to any language in the agreements themselves, so the Court has no basis to grant Plaintiffs' requested relief.  *Cf. Chaperon*, 2025 WL 2207908, at *8 (ruling on the issue by looking at the iBrain enrollment agreement).

   *Second*, and more importantly, the language of both administrative orders at issue here does not require the payment of late fees.  In N.D.'s case, the applicable administrative order directs Defendants (i) to "fund full tuition at [iBrain] which shall include 12-month services and supplemental costs per the terms of the Parent-Private Placement enrollment agreement … in the amount of $317,814.80" and (ii) to "fund full Specialty Transportation for Student per

the terms of the transportation agreement … in the amount of $250,875.00."
(Dkt. #8-5 at 38).  In A.D.'s case, the applicable administrative order directs
Defendants (i) to "directly fund the cost of the student's *attendance* … in
accordance with the enrollment contracts" and (ii) to "directly fund the cost of
the student's *transportation* … in accordance with the transportation
contracts."  (Dkt. #8-1 at 33-34 (emphasis added)).

The fact that N.D.'s order lists specific amounts that Defendants owe
indicates that the agency did not intend the payments to include late fees,
assuming that late fees are not included in the listed amounts.  And for both
Plaintiffs, the relevant administrative orders refer to enrollment and
transportation contracts, but they only require Defendants to fund "tuition,"
"attendance," and "transportation," not all costs that may arise under the
contracts.  *Cf. Chaperon*, 2025 WL 2207908, at *8 (noting that "[t]he iBRAIN
enrollment agreement does not categorize late fee penalties as part of 'tuition'").
This language suggests that the administrative orders do not contemplate the
payment of late fees.

The instant case is thus distinguishable from *Mendez*, in which another
court in this District required the payment of late fees and interest because the
applicable administrative order required the DOE to "fund the costs … at the
contracted rate."  *Mendez*, 2025 WL 2793755, at *5 (internal quotation marks
omitted).  Unlike in *Mendez*, neither administrative order here includes the
broad directive to fund "costs" at a "contracted rate," language which would
appear to include late fees incurred under the contract.  *Id.*  Instead, the

relevant administrative orders require payment of services themselves, not late fees.  In this way, the instant case is like *Chaperon*, another recent case in this District, in which a court declined to order the payment of late fees when administrative orders required only the payment of "tuition."  2025 WL 2207908, at *8.

*Third*, notwithstanding the evidentiary deficiencies and language in relevant administrative orders, the Court does not believe that it can order the payment of late fees during a pendency proceeding.  Indeed, the *Chaperon* court found that "requiring Defendants to pay late fees in accordance with a private contract runs contrary to the principle that, under IDEA, DOE is only required to pay pendency tuition retroactively, not prospectively."  2025 WL 2207908, at *9; *see also Mendez*, 2025 WL 2793755, at *6 (distinguishing *Chaperon* "because [*Chaperon*] involved a pendency order and a prospective request for the payment of late fees," and "courts have consistently held" that "whether a plaintiff is entitled to reimbursement on pendency 'is completely independent from' whether a claim for reimbursement for the same succeeds on the merits" (quoting *Bd. of Educ. of Poughkeepsie City Sch. Dist.* v. *O'Shea*, 353 F. Supp. 2d 449, 457 n.11 (S.D.N.Y. 2005))).

As *Chaperon* pointed out, the Second Circuit has held that courts "do not have jurisdiction to order Defendants to prospectively pay tuition that, depending upon the outcome and timing of the underlying administrative proceedings, may never be due and owing."  2025 WL 2207908, at *9 (citing *Mendez*, 65 F.4th at 61).  If this is the case, "then a private contract between

11

parents and the private school, to which DOE is not a party, cannot serve to alter DOE's legal obligations under IDEA to require prospective payments or risk substantial financial penalties." *Id.* As such, there are at least three reasons why the Court declines to order Defendants to pay late fees and interest.

## CONCLUSION

For the above reasons, Plaintiffs' motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the pending motion at docket entry 33.

SO ORDERED.

Dated:    January 7, 2026
          New York, New York

                                        _____
                                        KATHERINE POLK FAILLA
                                        United States District Judge

12